IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHARITY F. MORRIS, ) | |
| ) | |
| On Behalf of Herself and ) | |
| All Others Similarly Situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 11-00979-CV-DGK |
| ) | |
| BLUE SKY MANAGEMENT, LLC et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS

This case arises from Plaintiff's allegations that Defendants Blue Sky Management, LCC, and Elizabeth G. Stickley ("Defendants"), who specialize in providing health care services, willfully failed and refused to properly pay overtime compensation to non-exempt employees and are liable for unpaid overtime wages and related penalties under the Fair Labor Standards Act ("FLSA"). Pending before the Court is Plaintiff's "Motion to Strike Defendant's Counterclaims and/or In the Alternative a Motion to Dismiss for Lack of Jurisdiction" (Doc. 10), Defendant's "Memorandum in Opposition" (Doc. 11) and Plaintiffs' "Reply" (Doc. 14). Having fully considered the arguments advanced by both sides, the Court grants Plaintiff's motion to dismiss for lack of jurisdiction.

**Background**

Blue Sky Management, LLC ("Blue Sky"), owned and operated by Elizabeth G. Stickley ("Stickley"), operates two facilities in Missouri to provide facilitated living services and nursing and custodial care. On or about May 2011, Defendants claim to have hired Plaintiff Charity F. Morris ("Morris") to work as the Property Manager at their Platte City location, Heritage

Village. In this capacity, Defendants allege that Morris was in charge of managing operations for Blue Sky including supervising hourly employees. Around July 2011, Defendants maintain that Morris began performing similar duties at Heritage Village in Gladstone, Missouri.

Plaintiff, however, maintains that from May 2011 through September 2011, she was employed as both a Property Manager and a CNA for Defendants, working from 9 am until 2:30 pm in Platte City as a Property Manager and from 3 pm to 11 pm in Gladstone as a CNA. In her capacity as Property Manager, Plaintiff admits she was a non-exempt, salaried employee. In her capacity as a CNA, Plaintiff alleges she was an hourly, non-exempt employee.

Defendants also maintain that during her employment, Blue Sky agreed to pay for Morris's tuition and books while she attended Park University, with the stipulation that if she was employed with Defendant for less than one year, she would repay the costs to them. Morris was not employed with Blue Sky for at least one year, and Blue Sky alleges that she has failed to repay her Park University expenses to them.

On September 27, 2011, Plaintiff filed this lawsuit, on behalf of herself and all others similarly situated, alleging that hourly non-exempt employees were required to perform "off the clock" work prior to the start of their shifts, at the end of their shifts, and during their meal periods in violation of federal and Missouri wage statutes. In her Complaint, Plaintiff asserted claims for (1) violations of the Fair Labor Standards Act; (2) unjust enrichment; (3) failure to pay earned wages and overtime pursuant to Missouri statutes; (4) quantum meruit; and (5) breach of contract (Doc. 1). Defendants responded, denying Morris's allegations and bringing Counterclaims against her for (1) breach of contract; (2) breach of fiduciary duty; (3) breach of duty of loyalty; and (4) unjust enrichment. According to Defendants, "these claims are primarily based on Morris's obligations to Blue Sky as a supervisor."

2

Case 4:11-cv-00979-DGK   Document 17   Filed 02/16/12   Page 2 of 9

**Discussion**

**A. The Court declines to strike Defendant's Counterclaims.**

Federal Rule of Civil Procedure 12(f) provides that the court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally "viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. Internal Revenue Serv.*, 221 F. 3d 1059, 1063 (citing *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).

Plaintiff's first argument is that Defendants' counterclaims are improper and must be stricken because they seek to harass Plaintiff and prevent potential Plaintiffs from joining the lawsuit. Furthermore, Plaintiff argues that allowing Defendants to bring a counterclaim conflicts with the purpose of the FLSA which is to ensure that employees receive a minimum level of wages.

As support for her argument that many courts disallow counterclaims in FLSA cases seeking overtime, Plaintiff cites to a number of federal cases. *See Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983) (finding that permitting private counterclaims "would delay and even subvert" the goals of the FLSA); *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *overruled on other grounds, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) (finding that additional disputations over claims against employee wages under the FLSA are "foreign to the genesis, history, interpretation, and philosophy" of the FLSA); *Carda v. E.H. Oftedal & Sons, Inc., a Montana corporation*, CIV. 04-5036-KES, 2005 WL 2086280 (D.S.D. Aug. 26, 2005) (dismissing counterclaims because of Supremacy Clause issues.); *Marshall v. Wallace Oil Co., Inc.*, No. C80-451A, 1980 WL 2101, at *2 (N.D. Ga. Sept. 19, 1980) (striking defendants' counterclaim and finding that "in this circuit, neither set-off nor recoupment is permitted in an

action for unpaid back wages under the FLSA"). These cases stand for the general proposition that some federal courts are hesitant to consider additional legal claims that may interfere with plaintiffs' recovery of wages owed under the FLSA.

As Defendant notes, however, these cases are distinguishable from the present controversy. In *Carda*, for example, the Court addressed the employer's counterclaims on the merits, it did not strike them outright. *Carda*, 2005 WL 2086280. In *Donovan*, the suit was brought by the Department of Labor, and did not involve a motion to strike or claims brought by a private party. In *Brennan*, the Defendants did not present counterclaims and there was no motion to strike. The only case that arguably supports Plaintiff's argument is *Marshall*, however, like *Donovan*, the case was brought by the Department of Labor, not a private party, and thus the Court's reasoning in that case is less persuasive here.

In addition, although Plaintiff argues that Defendants are "asserting counterclaims to deter plaintiffs who seek to recover modest amounts of unpaid wages" and that such counterclaims are a mere "scare tactic for defendants," Plaintiff has presented no evidence that this is the case. Thus, the Court finds that Plaintiff has provided insufficient evidence to sustain her argument that the Court should strike Defendant's counterclaims under Rule 12(f).

**B. Defendant's counterclaims are not compulsory and the Court declines to exercise supplemental jurisdiction over them.**

    **a. Defendant's counterclaims are not compulsory.**

Plaintiff also urges the Court to dismiss Defendant's counterclaims pursuant to Fed. R. Civ. P. 12(b)(1) as lacking the required subject matter jurisdiction required for this Court to exercise jurisdiction. Defendant, on the other hand, maintains that its counterclaims are "so intertwined with Morris's claims in her lawsuit that they are compulsory and must be brought as part of this action."

Under Fed. R. Civ. P. 13(a), a compulsory counterclaim is one that "arises out of the

4

transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." There are four tests for determining whether counterclaims are compulsory:

> (1) the issues of fact and law raised by the claim and counterclaim are largely the same;
> (2) res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule;
> (3) substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and
> (4) there is a logical relation between the claim and the counterclaim.

*Tullos v. Parks*, 915 F.2d 1192, 1194 (8th Cir. 1990).

Defendant argues that its counterclaims satisfy all four tests. Specifically, Defendant argues that its counterclaims satisfy the "logical relationship test" because "the same operative facts serve as the basis of both claims." In order for the Court to resolve Morris's claims, it asserts, the Court must determine whether she managed the facilities at issue and, therefore, whether she was exempt.

The Court disagrees, finding that Defendant's counterclaims fail to satisfy any of the *Tullos* tests for compulsory jurisdiction. While the Court agrees that the question of whether Morris was an exempt worker as defined by the FLSA is pertinent to both Plaintiff's FLSA claim and Defendant's claims of breach of contract, breach of fiduciary duty, breach of duty of loyalty, and unjust enrichment, it alone is not sufficient to establish a logical connection between the claim and the counterclaim. Rather, in this case, Plaintiff's FLSA claims are based predominantly around Defendant's rounding and auto-deduction of meal period policies and will focus on the number of hours worked and whether Plaintiff was properly paid. Defendant's counterclaim, however, will require investigation into the contract Plaintiff entered into with Defendant regarding tuition and whether or not she breached that contract.

Additionally, federal courts have frequently held that where plaintiff's FLSA claims involve questions of numbers of hours worked and the compensation paid, and defendant's state law claims involve separate matters based on breach of fiduciary duty, breach of loyalty, or breach of contract,

they do not share a common nucleus with Plaintiff's FLSA claims. *See Williams v. Long*, 558 F. Supp. 2d 601, 604 (D. Md. 2008); *Rivera v. Ndola Pharmacy Corp.,* 497 F. Supp. 2d 381, 395 (E.D.N.Y. 2007) (an employment relationship is insufficient to create common nucleus of operative fact where it is the sole fact connecting the FLSA claim to state law claims); *Wilhelm v. TLC Lawn Care, Inc.,* No. 07-2465-KHV, 2008 WL 640733, at *3 (D. Kan. March 6, 2008) (citing *Lyon v. Whisman,* 45 F.3d 758, 762-64 (3d Cir. 1995) (where the employment relationship is the only link between the FLSA claim and state law claims, no common nucleus of operative fact exists and Article III bars supplemental jurisdiction); *Hyman v. WM Fin. Servs., Inc.,* No. 06-CV-4038, 2007 WL 1657392, at *5 (D.N.J. June 7, 2007) (exercising supplemental jurisdiction over state law claims unrelated to the FLSA claim "would likely contravene Congress's intent in passing FLSA"); *Whatley v. Young Women's Christian Ass'n of Nw. La., Inc.,* No. 06-423, 2006 WL 1453043, at *3 (W.D. La. May 18, 2006).

Because the only overlap between Plaintiff's FLSA claim and Defendants' counterclaims is a determination of whether Plaintiff was an exempt or non-exempt employee, the Court finds that there is not a sufficient "logical relationship" to find Defendants' counterclaims compulsory. Accordingly, Defendants' counterclaims are not within the ancillary jurisdiction of the court such that no independent basis of federal jurisdiction is necessary. *See Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988).

**2. The Court declines to exercise supplemental jurisdiction over Defendant's counterclaims.**

Even though Defendants' counterclaims are not compulsory, the Court must assert its supplemental jurisdiction over them if they are sufficiently related to the underlying federal claims. 28 U.S.C. § 1367(a). "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28

U.S.C. § 1367(a). Defendants argue that the Court should exercise its supplemental jurisdiction here because a common nexus exists between Morris's and Blue Sky's claims such that dismissal is inappropriate. Claims within an action are part of the same case or controversy if they "derive from a common nucleus of operative fact." *City of Chicago v. Int'l Coll. Of Surgeons,* 522 U.S. 156, 157 (1997), citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966).

Under the same reasoning the Court used to find that there was not a "logical relationship" between Plaintiff's FLSA claim and Defendants' state law counterclaims, the Court finds that the claims do not "derive from a common nucleus of operative fact." Because Defendants' counterclaims stem in large part from a contract entered into between Morris and Blue Sky and Plaintiff's FLSA claims stem from Defendants' rounding and overtime policies, the Court determines that they do not derive from a common nucleus of operative fact. *See Lyon v. Whisman,* 45 F.3d 758, 763 (3d Cir. 1995) (finding that "there is so little overlap between the evidence relevant to the FLSA and state claims that there is 'common nucleus of operative fact' justifying supplemental jurisdiction over state law claims"); *Wilhelm,* 2008 WL 640733, at *3 (dismissing employer's counterclaims as not arising out of a common nucleus of operative fact with employees' FLSA claims and finding the employer-employee relationship insufficient to support supplemental jurisdiction).

Furthermore, even if the Court found that the state law claims derived from the same common nucleus of operative fact, the Court would decline to exercise its supplemental jurisdiction because of the concern that Defendants' state law claims would substantially predominate over Plaintiff's FLSA claims. *See* 28 U.S.C. § 1367(c); *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1287 (8th Cir. 1998) (finding that a court may decline to exercise supplemental jurisdiction over related state law claims in one of the following four instances: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the

7

district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction).

Here, the Court has original federal question jurisdiction over Plaintiff's FLSA claim. Many federal courts have cautioned against bringing additional employment disagreement claims to FLSA cases. For instance, the Fifth Circuit has held that extraneous proceedings regarding set-offs are inappropriate in FLSA cases:

> The FLSA decrees a minimum unconditional payment and the commands of [the FLSA] are not to be vitiated by an employer. . . . [The court's] sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the [FLSA]. The *only* economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act. Set-offs against back pay awards deprive the employee of the "cash in hand" contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions . . . . The purpose of the FLSA is to eliminate unfair labor practices by barring "customs and contracts which allow an employer to claim all of an employee's time, while compensating him for only part of it."

29 U.S.C. § 201 et seq.; *Tennessee Coal Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 602 (1944).

Similarly, the Tenth Circuit has held that an FLSA claim is the enforcement of a public right. Permitting private counterclaims, "real or imagined, . . . would delay and even subvert" the goals of the FLSA by further delaying the payment of lawfully owed wages. *Donovan*, 717 F.2d at 1323. Finally, the Northern District of Illinois disallowed counterclaims because of the possibility that it could predominate the FLSA claims. *Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011 (N.D. Ill. Feb. 25, 2009).

The Court finds that the risk that Defendants' state law counterclaims could predominate over Plaintiff's FLSA claims is real. Because much of the evidence to prove Defendant's

counterclaims is separate from the evidence regarding Defendants' wage and hour policies, "the counterclaim has the potential to predominate over the FLSA claim and significantly delay its resolution, which would be contrary to the FLSA's purpose." *Id*.

## Conclusion

For the reasons stated herein, the Court finds that it does not have jurisdiction over Defendants' counterclaims. Accordingly, the Court grants Plaintiff's motion and dismisses Defendants' counterclaims without prejudice.

**IT IS SO ORDERED.**

Date: February 16, 2012 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT